[L. A. No. 26738.   In Bank.   July 31, 1962.]

CHARLES M. INGLIS, Plaintiff and Appellant, v. OPER-
ATING ENGINEERS LOCAL UNION NO. 12, Defend-
ant and Respondent.

Bernard C. Brennan and William E. Cornell for Plaintiff
and Appellant.

Parker, Stanbury, McGee, Peckham & Garrett and Ray-
mond G. Stanbury for Defendant and Respondent.

THE COURT.—Plaintiff, a member in good standing of
Operating Engineers Local Union No. 12, brought this action
against the union and certain of its officers and members for
damages for personal injuries resulting from an asserted
assault and battery inflicted upon him by officers and members
of the union during the course of a regular union meeting.

At trial the union, which is an unincorporated association,
made a motion for nonsuit as to it on the ground that a
member of an unincorporated association may not maintain
an action in tort against the association because, it was argued,
such an action is an example of one principal suing another
principal for the acts of common agents. For the purpose of

the motion only, it was stipulated "that the facts are as contended by the plaintiff." The court granted the motion on the ground on which it was made, and the case against the individual defendants was ordered off calendar pending determination on appeal of the propriety of the nonsuit.

The sole question presented by this appeal, according to the briefs of the parties, is whether a member of a labor union which is an unincorporated association may successfully maintain against the union itself an action for an intentional tort committed by members and officers of the union. The union contends that actions of this kind may not be maintained against unincorporated associations because otherwise the aggrieved member would be permitted to sue his coprincipals for the act of a common agent and, in effect, to sue himself. A similar contention was rejected by this court in the recent case of *Marshall* v. *International Longshoremen's & Warehousemen's Union,* 57 Cal.2d 781, 782 et seq. [22 Cal.Rptr. 21, 371 P.2d 987], where we held that a member of an unincorporated labor union was entitled to sue the union for personal injuries resulting from negligent acts which he neither participated in nor authorized and that any judgment that he might recover against the union could be satisfied from the funds and property of the union alone. (57 Cal.2d at p. 787.) For purposes of the question presented here there is no reasonable basis for distinguishing between negligent and intentional torts, and, under the stipulated facts, it is clear that plaintiff is not chargeable with having authorized or participated in the wrongful acts resulting in his injuries. The *Marshall* case, therefore, is controlling here.

The judgment is reversed.