[No. B054026. Second Dist., Div. Six. Jan. 15, 1992.]

RON RELYEA, Plaintiff and Appellant, v.
VENTURA COUNTY FIRE PROTECTION DISTRICT et al., Defendants
and Respondents;
RONALD W. KOMERS, Real Party in Interest and Respondent;
VENTURA COUNTY PROFESSIONAL FIREFIGHTERS
ASSOCIATION, Intervener and Respondent.

**COUNSEL**

Stephan Math for Plaintiff and Appellant.

Whitmore, Johnson & Bolanos, Richard S. Whitmore and Kathryn J. Burke for Defendants and Respondents and for Real Party in Interest and Respondent.

Silver, Goldwasser & Shaeffer and Stephen H. Silver for Intervener and Respondent.

**OPINION**

**STONE (S. J.), P. J.**—The issue presented here is whether local government employees can compel their employers to negotiate terms and conditions of employment with them as individuals. We hold that they cannot, based on the absence of any express legislation granting local public employees such right and on the limited scope of a public employee's right to self-representation.

Appellant Ron Relyea was formerly employed as a fire engineer by respondent Ventura County Fire Protection District (District).[1] Intervener Ventura County Professional Firefighters Association (Association) is the exclusive recognized employee organization representing employees in appellant's former job classification.

The Association and the District negotiated a memorandum of agreement applicable from 1987 to 1989, and again negotiated such agreement for the period 1989 to 1992.

In January 1988, prior to negotiations for the current agreement, appellant notified Ron Komers, director of respondent County's personnel department,

---

[1]Unless referred to singularly by their abbreviated names, the District and the other respondents, Ventura County (County) and Ventura County Board of Supervisors (Supervisors), are collectively referred to as "respondent."

of his election to represent himself in all of his future relations with respondent, claiming he had not been a member of the Association for some time and felt at a disadvantage in having no representation.

Komers acknowledged appellant's right to self-representation, and stated that any written proposals by parties wishing to negotiate a successor memorandum of agreement had to be submitted by October 1, 1988, and that negotiations would commence no later than November 1, 1988.

Appellant submitted his proposals for a successor agreement to the personnel department in September 1988. He was subsequently informed that the District would not meet and confer with him as an individual employee.

Appellant sent a letter to the Ventura County Civil Service Commission (Commission), charging the District with committing an unfair labor practice. After a hearing, the Commission agreed with appellant, and recommended that the District meet and confer with him. The Commission's findings were presented to the Supervisors.

Receiving no action on the Commission's recommendation, appellant wrote a letter to the Supervisors requesting a decision from them.

Komers responded to appellant's letter on behalf of the Supervisors, informing appellant that respondent's initial response to the matter may not have distinguished between the right of self-representation and the right to negotiate a memorandum of agreement. Komers stated it was respondent's position that appellant could not individually negotiate his own contract, and that the right to bargain a memorandum of agreement was limited to the only officially recognized employee organization for employees in appellant's unit, the Association. As such, it would be a violation of state and local law and an unfair labor practice for the District to bargain directly with him. However, Komers noted that respondent did recognize appellant's right to represent himself and was willing to talk with him concerning any other employment matter.

Appellant subsequently petitioned for writ of mandate in the superior court. The petition alleged that respondent had the duty of meeting and conferring with him concerning his proposals for a successor memorandum of agreement, and that respondent's refusal to negotiate denied him the right to bargain over the terms and conditions of his employment.

In denying appellant's petition, the trial court found: (1) appellant was not entitled to bargain as an individual since statutory authority reserves this

right solely to an employee organization; (2) even if appellant could be considered an "employee organization," respondent had not officially recognized him as a bargaining representative; (3) even if appellant was recognized by respondent as a bargaining representative, he would *gain nothing* by a separate contract since the benefits provided to him would have to be exactly the same as the benefits negotiated by the Association in order to avoid discrimination; and (4) if every employee of the fire department could negotiate with respondent for a memorandum of agreement, this would result in "the most impossible fruitless morass . . . ."

This appeal followed.

 Appellant contends that the trial court's denial of his petition for writ of mandate is erroneous since the Legislature intended that the grant of the right of self-representation to local public employees includes their right to individually bargain over employment terms and conditions.

Respondent argues that the governing legislation extends a local government employer's duty to bargain only to recognized employee organizations, and thus the employer has no statutory duty to negotiate with individual employees. Further, respondent urges, an individual employee is not entitled to any different or better benefits than those granted to members of an employee organization. We agree.

 Except as authorized by statute, public employees have no right to bargain over working conditions with the employing agency. (*City of Hayward* v. *United Public Employees* (1976) 54 Cal.App.3d 761, 763, 766 [126 Cal.Rptr. 710].)

In California, government employees were first given the right to organize and to meet and confer with management regarding the terms of their employment with the passage of the George Brown Act in 1961. (Former Gov. Code, § 3500 et seq., now Gov. Code, § 3525 et seq. [bill of rights for state supervisory and professional employees].)[2] However, this legislation placed no obligation on the public employer or employees to reach binding agreements on working conditions. (*Pacific Legal Foundation* v. *Brown* (1981) 29 Cal.3d 168, 176 [172 Cal.Rptr. 487 [624 P.2d 1215].)

 Recognizing this problem, the Legislature enacted the Meyers-Milias-Brown Act (MMBA or Act) to provide a more structured collective bargaining process for employees of local government entities. (*Pacific*

[2]All statutory references hereinafter are to the Government Code unless otherwise specified.

*Legal Foundation* v. *Brown, supra,* 29 Cal.3d at p. 176; *Glendale City Employees' Assn., Inc.* v. *City of Glendale* (1975) 15 Cal.3d 328, 335-336 [124 Cal.Rptr. 513 [540 P.2d 609].) The purposes of the Act are to promote full communication between management and labor and improve employer-employee relations. According to the Act, these purposes will be effectuated by establishing methods to resolve labor disputes and by providing a uniform basis for recognizing the right of public employees to organize and be represented by employee organizations. (§ 3500.)[3]

The Act sets forth certain principles which public agencies must follow. These primarily include the recognition of employee organizations in representing public employees, and the mutual obligations of public agencies and "recognized employee organizations"[4] to meet and confer in good faith regarding wages, hours and other conditions of employment, and to reduce their agreements to binding written memoranda of agreement. (§§ 3502, 3503, 3505, 3505.1, 3505.2, 3507.)[5]

Appellant's reliance on section 3502 of the Act is misplaced. That section provides: "Except as otherwise provided by the Legislature, public employees shall have the right to form, join, and participate in the activities of employee organizations of their own choosing for the purpose of representation on all matters of employer-employee relations. Public employees also shall have the right to refuse to join or participate in the activities of employee organizations and shall have the right to represent themselves individually in their employment relations with the public agency."

Appellant argues that the second sentence of section 3502 clearly provides for individual bargaining rights, as there is no language limiting the general right of self-representation. He claims that if the Legislature had intended to restrict the exercise of the right to self-representation it would have said so.

Construing section 3502 to grant individual bargaining rights would render superfluous, or at least inconsistent, provisions of the MMBA which set forth bargaining rights and duties solely in the context of interaction between employers and "recognized employee organizations." (§§ 3503-3505.3.)

---

[3]Separate collective bargaining statutes are directed to different categories of public entities. The Educational Employment Relations Act (EERA), section 3540 et seq., governs negotiation rights for public school employees. The Ralph Dills Act, section 3512 et seq., provides collective bargaining rights to state employees.

[4]" 'Recognized employee organization' means an employee organization which has been formally acknowledged by the public agency as an employee organization that represents employees of the public agency." (§ 3501, subd. (b).)

[5]Respondent has adopted rules and regulations for administering labor-management relations which are essentially consistent with the MMBA. Consequently, we need only discuss herein the relevant provisions of the Act. (See *Glendale City Employees' Assn., Inc.* v. *City of Glendale, supra,* 15 Cal.3d at p. 334, fn. 4.)

Appellant's interpretation would also render superfluous section 3506 of the Act which forbids discrimination against employees because of their exercise of section 3502 rights. If an individual was able to negotiate an agreement over working conditions which was more advantageous than a union-negotiated agreement for employees of the same job classification, the union-represented employees would be denied the same conditions simply by reason of choosing union representation. Section 3506, forbidding such result, would thereby be rendered meaningless.

Further, the alleged right of public employees to negotiate individually with their employers is not set forth by any specific language in section 3502 or elsewhere in the Act. Nor does the Legislature define the right to self-representation anywhere in the statutory scheme. On the other hand, the scope of representation granted to an employee organization extends to "all" matters of employer-employee relations, including terms and conditions of employment. (§ 3504.) Comparable language applicable to the right of individual self-representation is absent.

Thus, to accept appellant's interpretation of section 3502 would mean not only ignoring major provisions of the Act which specify bargaining rights and duties only between employers and employee organizations, but would require the addition of bargaining rights language relative to individual employees. ■ A court must attempt to harmonize and give effect to all provisions of a statute, and it may not insert or delete words to accomplish a purpose that does not appear on the statute's face or from its legislative history. (*City of Hayward* v. *United Public Employees, supra,* 54 Cal.App.3d at p. 766.)

■ Since there is no express language granting employees the right to individually bargain, we must next determine whether a legislative intent to grant such right may be inferred from legislative history or from legislative objectives. (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1008 [239 Cal.Rptr. 656 [741 P.2d 154]; *State of California* ex rel. *Van de Kamp* v. *Texaco, Inc.* (1988) 46 Cal.3d 1147, 1182-1183 [252 Cal.Rptr. 221 [762 P.2d 385].)

We disagree with appellant that the MMBA represents as much of an effort by the Legislature to protect individual rights of government employees as it does toward ensuring their collective rights. Nothing in the purposes or the legislative history of the MMBA hints at a legislative concern over bargaining relations between employer and individual employees.

■ Like other labor legislation in California, the MMBA is based on the concept of collective bargaining. (*Pacific Legal Foundation* v. *Brown,*

*supra*, 29 Cal.3d at p. 176.) Its enactment actually was intended to strengthen collective bargaining rights for government employees by providing a more structured collective bargaining system under which both employers and employee representatives have mutual obligations. (*Ibid.*; *Glendale City Employees' Assn., Inc.* v. *City of Glendale, supra*, 15 Cal.3d at pp. 335-336.)

■ Appellant's interpretation of the MMBA would subvert the legislative scheme of providing for a structured collective bargaining system by requiring an employer to negotiate over working conditions with any number of employees. This could complicate employer-employee relations to the extent of undermining collective bargaining and its benefits, thereby defeating the Act's goals of ensuring stability in labor management relations and the right of employees to join and be represented by an employee organization. (§ 3500.)

Moreover, certain basic principles which govern a collective bargaining system contradict appellant's view that individual bargaining rights do not impede collective rights. ■ Normally the employer has the duty to negotiate only with the chosen employee representative. (*Medo Corp.* v. *Labor Board* (1943) 321 U.S. 678, 683-684 [88 L.Ed. 1007, 1010-1011, 64 S.Ct. 830].) It also is a fundamental principle that a member of an employee bargaining unit is bound by the terms of a valid collective bargaining agreement, though he is not formally a party to it and may not even belong to the union which negotiated it. (*San Lorenzo Education Assn.* v. *Wilson* (1982) 32 Cal.3d 841, 846 [187 Cal.Rptr. 432, 654 P.2d 202].) Individual contracts, no matter what the circumstances which justify their execution, may not interfere with the terms of the collective agreement. (*J.I. Case Co.* v. *Labor Board* (1943) 321 U.S. 332, 337 [88 L.Ed. 762, 767-768, 64 S.Ct. 576].)

We disagree with *Placentia Fire Fighters* v. *City of Placentia* (1976) 57 Cal.App.3d 9, 21 [129 Cal.Rptr. 126], which summarily concludes that a member of an employee unit is not required to join the representative group and, instead, "may bargain directly with the public agency." The *Placentia* case makes no attempt to analyze the extent of the right of self-representation in a collective bargaining setting. Based as its conclusion is on the lack of any legal discussion, and being contrary to legislative intent, we decline to follow it.[6]

■ Appellant contends that denying him the right to bargain with the District renders his right to self-representation meaningless, because it forces

---

[6]*Andrews* v. *Board of Supervisors* (1982) 134 Cal.App.3d 274, 280-281 [184 Cal.Rptr. 542], disposed of the issue of whether a local public employee was wrongfully refused the right to bargain with his employer by an analysis of local ordinances, thereby not interpreting the reach of the MMBA on this question.

him to accept the terms bargained between the Association and the District even if these terms are not consistent with his employment aims.

He incorrectly equates the right to bargain with the right of self-representation. Although the scope of the right of self-representation is not defined by the MMBA, the scope must necessarily be limited where, as here, the public employer has chosen to bargain exclusively with an employee organization. In this situation, the self-representation right is at best the right to a nonenforceable grievance procedure to vent individual concerns. (*Lillebo* v. *Davis* (1990) 222 Cal.App.3d 1421, 1444, 1446 [272 Cal.Rptr. 638] [discussing the right to self-representation of state government employees].)

However, this does not render the self-representation right meaningless. Because the nature of the right is essentially the right to be heard, under it employees retain the ability to raise their personal concerns through whatever grievance or other administrative appeal and internal communications procedures exist. (Liebert & Collins, *Do Individuals Have Bargaining Rights Under the Meyers-Milias-Brown Act?* (June 1990) 85 Cal. Pub. Employee Relations, a periodical published by the Institute of Industrial Relations, Univ. of Cal., Berkeley, p. 4.) In this case, respondent informed appellant that it recognized his right to represent himself and was willing to talk to him about employment matters unrelated to his Association negotiated employment contract.

Appellant's petition for writ of mandate properly was denied. The judgment is affirmed.

Gilbert, J., and Yegan, J., concurred.