[No. A126633. First Dist., Div. Four. Mar. 18, 2011.]

KATHLEEN PAULSEN et al., Plaintiffs and Appellants, v. LOCAL NO. 856 OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part III.B. and D.

COUNSEL

Kahn Brown & Poore and David M. Poore for Plaintiffs and Appellants.

Beeson, Tayer & Bodine and Andrew Baker for Defendants and Respondents.

## OPINION

RIVERA, J.—Plaintiffs Kathleen Paulsen and others[1] appeal a judgment entered after the trial court sustained without leave to amend the demurrer of defendants Local No. 856 of International Brotherhood of Teamsters (Local 856) and Joe Martinelli to plaintiffs' putative class action complaint. They contend on appeal that their action was not subject to the exclusive initial jurisdiction of the Public Employment Relations Board (PERB). We affirm.

### I. STANDARD OF REVIEW

Our standard of review when considering a challenge to an order granting a demurrer is well settled. " ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] . . . [W]e give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.]' " (*Sanchez v. Truck Ins. Exchange* (1994) 21 Cal.App.4th 1778, 1781 [26 Cal.Rptr.2d 812].)

### II. BACKGROUND

Plaintiffs allege they are current, former, and retired deputy probation officers employed by the County of Marin (the County), and members of Local 856. According to the complaint, Local 856, its agent Martinelli—who had primary authority to represent plaintiffs at the County—and the union leadership entered into a secret deal with the County: (a) not to negotiate overtime compensation for plaintiffs and the proposed class although defendants knew plaintiffs were working more than 40 hours a week and were not exempt under the Fair Labor Standards Act of 1938 (29 U.S.C § 201 et seq.) (FLSA); (b) to conceal plaintiffs' right to overtime compensation from them; (c) to misrepresent to plaintiffs and the proposed class that they were "professionals" and therefore exempt from overtime compensation, although

---

[1] The named plaintiffs and appellants are Kathleen Paulsen, Lonnie Morris, Neva Smith, Simone Rivers, Marco Ramirez, Ulises A. Ramirez, Fredi Bloom, Kuo Lew, Carmen M. Vance, Jeff Virzi, Jessica Fort, Selina Johnson, Mary T. Mundal, Alisha Krupinskey, Nuvia Edith Urizar, Jeff White, Wardell Anderson, and Patricia Boneli.

defendants knew they were not exempt; and (d) to encourage the union's officers to lie to its membership about the members' rights to overtime compensation under the FLSA. Plaintiffs alleged that defendants continued to conceal plaintiffs' entitlement to overtime compensation from 1995 until March 2009, when the complaint was filed.

Plaintiffs further allege that, in a November 6, 2006, meeting of persons representing the County and Local 856 (including Martinelli), and a group of probation department employees (including plaintiffs), the County announced it might have been "out of compliance" with the FLSA with respect to paying the deputy probation officers overtime, and advised plaintiffs to discuss the matter with their union if they had questions. Plaintiffs discussed the matter with Martinelli, who said defendants did not know anything about the issue, but that defendants would investigate and take appropriate action to grieve the process. However, defendants did nothing to assist plaintiffs and the proposed class members.

In their first cause of action, for breach of the duty of fair representation, plaintiffs allege defendants owed plaintiffs a duty of fair representation, including a duty to disclose material facts that could affect the terms and conditions of employment; that between 1994 and 2007, they knew or should have known that plaintiffs were nonexempt employees who were statutorily entitled to overtime pay and that the use of "professional hours" was a scheme or artifice to defraud plaintiffs of their right to overtime; that defendants conspired with the County to deprive plaintiffs of overtime compensation; and that during that time period defendants engaged in a pattern and practice of breaching the duty of fair representation toward plaintiffs and other proposed class members by (1) wrongfully classifying plaintiffs during negotiations and interactions with the County and plaintiffs as exempt employees, (2) entering into an undisclosed secret agreement with the County to deprive plaintiffs of overtime benefits, (3) failing to disclose to plaintiffs their right to overtime, (4) misleading plaintiffs into believing they were not entitled to overtime compensation and that such compensation could not be negotiated, and (5) engaging in unreasonable conduct.

In their second cause of action, for common law breach of fiduciary duty, plaintiffs allege that defendants, as union representatives, owed plaintiffs fiduciary duties and obligations in all dealings, and that they breached their duty in acting as described in the earlier allegations of the complaint.

In their third cause of action, for fraudulent concealment, plaintiffs allege that from 1994 to the present, defendants knew that plaintiffs were not exempt employees under the FLSA, that plaintiffs were working a significant amount of overtime under the guise of "professional hours" without

compensation, that they were entitled to overtime compensation, and that the use of "professional hours" was a scheme or artifice to defraud plaintiffs of overtime compensation; that defendants intentionally, maliciously, and recklessly concealed these facts from plaintiffs and took active steps to cover up their right to overtime pay and benefits; and that plaintiffs were unaware of the facts and relied on defendants' representations to their detriment.

Defendants demurred to the complaint. The trial court sustained the demurrer to each cause of action without leave to amend on the ground it lacked subject matter jurisdiction. In doing so, it ruled: "The 1st Cause of Action for breach of the duty of fair representation falls within the exclusive jurisdiction of the Public Employment Relations Board as an 'unfair labor practice.' [Citations.] Plaintiffs are not exempt from PERB jurisdiction pursuant to Government Code [section] 3511, because they are defined as 'peace officers' in Penal Code [section] 830.5[, subdivision] (a), not Penal Code [section] 830.1. Plaintiffs' further contention, that PERB does not have jurisdiction to hear class action claims, is not supported by their cited authorities available to the court. [¶] The 2nd and 3rd Causes of Action are also within PERB's exclusive jurisdiction, because 'the essence' of these claims is a breach of the duty of fair representation. [Citation.]" The trial court dismissed the complaint and entered judgment in favor of defendants.

## III. DISCUSSION

### A. *Legal Background*

■ "In California, labor relations between most local public entities and their employees are governed by the Meyers-Milias-Brown Act (MMBA) (Gov. Code, § 3500 et seq.), which recognizes the right of public employees to bargain collectively with their employers over wages and other terms of employment. The administrative agency authorized to adjudicate unfair labor practices charges under the MMBA is California's Public Employment Relations Board (PERB). Subject to certain exceptions, local public agencies and their employees must exhaust their administrative remedies under the MMBA by applying to PERB for relief before they can ask a court to intervene in a labor dispute." (*City of San Jose v. Operating Engineers Local Union No. 3* (2010) 49 Cal.4th 597, 601 [110 Cal.Rptr.3d 718, 232 P.3d 701] (*City of San Jose*).)

In *City of San Jose*, our Supreme Court discussed the background of PERB's authority to adjudicate unfair labor practices under the MMBA (Meyers-Milias-Brown Act; Gov. Code, § 3500 et seq.). "The history of PERB begins in 1975, when the Legislature enacted the Educational Employment Relations Act (EERA) (Gov. Code, §§ 3540–3549.3). The law established the Educational Employment Relations Board (EERB), which in 1977

was renamed the Public Employment Relations Board. [Citation.] As an administrative agency, PERB was to adjudicate unfair labor practice charges under the EERA, and its jurisdiction was set forth in Government Code section 3541.5. That statute provided and still provides, in part: 'The initial determination as to whether the charges of unfair practices are justified, and, if so, what remedy is necessary to effectuate the purposes of this chapter, shall be a matter within the *exclusive jurisdiction* of the board.' (Italics added.)" (*City of San Jose, supra,* 49 Cal.4th at pp. 603–604.) Adopting a rule developed by the federal courts under the National Labor Relations Act (29 U.S.C. § 151 et seq.) (NLRA), our high court later concluded that "the administrative agency 'is held to have exclusive jurisdiction over activities *arguably protected or prohibited* by' the governing labor law statutes." (*City of San Jose, supra,* 49 Cal.4th at p. 604, italics added, quoting *El Rancho Unified School Dist. v. National Education Assn.* (1983) 33 Cal.3d 946, 953 [192 Cal.Rptr. 123, 663 P.2d 893] (*El Rancho Unified School Dist.*).)

■ "In 2000, the Legislature extended PERB's jurisdiction to cover matters arising under the MMBA—this was done through enactment of Government Code section 3509, which became effective July 1, 2001. (Stats. 2000, ch. 901, § 8.) Subdivision (b) of that statute provides in relevant part: 'A complaint alleging any violation of [the MMBA] . . . shall be processed as an unfair practice charge by [PERB]. *The initial determination as to whether the charge of unfair practice is justified* and, if so, the appropriate remedy necessary to effectuate the purposes of this chapter, shall be a matter within the *exclusive jurisdiction* of [PERB].' (Italics added.) This enactment removed 'from the courts their initial jurisdiction over MMBA unfair practice charges' [citation] and vested such jurisdiction in PERB [citation]." (*City of San Jose, supra,* 49 Cal.4th at p. 605.)

This requirement that a party exhaust available administrative remedies, however, is subject to certain exceptions, such as when the administrative remedy is inadequate or when it is clear it would be futile to seek administrative remedies. (*City of San Jose, supra,* 49 Cal.4th at pp. 609–610; see also *Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1080 [29 Cal.Rptr.3d 234, 112 P.3d 623].) The question of whether the exhaustion doctrine applies to a given case is subject to de novo review on appeal. (*Citizens for Open Government v. City of Lodi* (2006) 144 Cal.App.4th 865, 873 [50 Cal.Rptr.3d 636].)

B. *Deputy Probation Officers as Peace Officers**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 823.

## C. *Breach of Duty of Fair Representation as Unfair Practice*

Plaintiffs contend their action is not subject to the exclusive initial jurisdiction of PERB because they do not allege an unfair practice under the MMBA. According to plaintiffs, breach of a union's duty of fair representation is not arguably an unfair labor practice for purposes of Government Code section 3509. (All undesignated statutory references are to the Government Code.)

██ In a number of its decisions, PERB has addressed the question of whether a breach of the duty of fair representation is an unfair practice under the MMBA. PERB has authority to interpret the provision of several labor relations acts, including the MMBA. (*Burke v. Ipsen* (2010) 189 Cal.App.4th 801, 809 [117 Cal.Rptr.3d 91] (*Burke*).) As our Supreme Court has stated: "PERB has a specialized and focused task—'to protect both employees and the state employer from violations of the organizational and collective bargaining rights guaranteed by [the governing labor law statutes].' [Citation.] As such, PERB is 'one of those agencies presumably equipped or informed by experience to deal with a specialized field of knowledge, whose findings within that field carry the authority of an expertness which courts do not possess and therefore must respect.' [Citation.] '[T]he relationship of a reviewing court to an agency such as PERB, whose primary responsibility is to determine the scope of the statutory duty to bargain and resolve charges of unfair refusal to bargain, is generally one of deference' [citation], and PERB's interpretation will generally be followed unless it is clearly erroneous. [Citations.]" (*Banning Teachers Assn. v. Public Employment Relations Bd.* (1988) 44 Cal.3d 799, 804–805 [244 Cal.Rptr. 671, 750 P.2d 313]; see also *San Mateo City School Dist. v. Public Employment Relations Bd.* (1983) 33 Cal.3d 850, 856 [191 Cal.Rptr. 800, 663 P.2d 523] [PERB's construction of statutory provision within legislatively designated field of expertise regarded with deference by court construing statute].) Accordingly, we may look to PERB's decisions for guidance. (*Burke, supra*, 189 Cal.App.4th at p. 809.)[4]

In *Buck v. Amalgamated Transit Union, Local 1704* (2007) PERB Dec. No. 1898-M [31 PERC ¶ 88, p. 304] (*Buck*), PERB discussed the duty of fair representation as follows: "Although the MMBA does not specifically impose a duty of fair representation on an exclusive representative, the courts have held that 'unions owe a duty of fair representation to their members, and this requires them to refrain from representing their members arbitrarily, discriminatorily, or in bad faith.' (Hussey v. Operating Engineers Local Union No. 3

---

[4] As noted in *Burke*, "[a]fter the PERB issues its decisions individually, they are collected and bound in numbered volumes by the unofficial Public Employee Reporter for California (PERC). [Many of the] individual decisions, in their original format, can be found at the PERB's Web site (<http://www.perb.ca.gov/decisionbank/search.aspx> . . .)." (*Burke, supra*, 189 Cal.App.4th at p. 809, fn. 1.)

(1995) 35 Cal.App.4th 1213 [42 Cal.Rptr.2d 389] (Hussey).)" In *Buck*, PERB concluded an unfair labor practice had been demonstrated for purposes of section 3509, subdivision (b), where a union failed in its duty of fair representation by failing to file a member's grievance. (*Buck, supra*, PERB Dec. No. 1898-M [31 PERC ¶ 88, pp. 304–305].) PERB similarly explained in *Attard v. Internat. Assn. of Machinists* (2002) PERB Dec. No. 1474-M [26 PERC ¶ 33041, p. 122], "Although the MMBA does not expressly impose a statutory duty of fair representation, *under the MMBA 'unions owe a duty of fair representation to their members*, and this requires them to refrain from representing their members arbitrarily, discriminatorily, or in bad faith.' [Citation.]" (Italics added.) The board has also ruled that "*in order to state a prima facie violation of the duty of fair representation under the MMBA*, a charging party must" assert facts showing how the exclusive representative's action or inaction was without a rational basis or devoid of honest judgment. (*Siroky v. Internat. Union of Operating Engineers, Local 39* (2004) PERB Dec. No. 1618-M [28 PERC ¶ 132, pp. 486, 487], italics added.)

■ Thus, it is clear that PERB treats a union's violation of its duty of fair representation as an unfair practice under the MMBA. And, as we have explained, PERB has exclusive initial jurisdiction over MMBA unfair practice charges. (§ 3509, subd. (b); *City of San Jose, supra*, 49 Cal.4th at p. 605.)

Plaintiffs contend the trial court wrongly relied on a case construing a different statute, one that differed from the MMBA in a key provision. In granting defendants' demurrer, the trial court cited, among other authorities, *Anderson v. California Faculty Assn.* (1994) 25 Cal.App.4th 207, 212, 218, 220 [31 Cal.Rptr.2d 406] (*Anderson*). Plaintiffs point out, correctly, that the Court of Appeal in *Anderson* was considering a different labor statute administered by PERB, the Higher Education Employer-Employee Relations Act (HEERA) (§ 3560 et seq.), and that HEERA includes in its listing of unfair practices by a union or employee organization the failure to represent fairly and impartially all employees for which it was the exclusive representative (*Anderson, supra*, 25 Cal.App.4th at pp. 211–213; § 3571.1). We recognize that the statutory scheme at issue in *Anderson* made explicit that a breach of the duty of fair representation constituted an unfair labor practice. However, as we have explained, PERB has considered the fact that the MMBA does not expressly impose a duty of fair representation on a union, and has nevertheless concluded that a violation of that duty is an unfair labor practice for purposes of the MMBA.

This conclusion may likewise reasonably be inferred from the regulations interpreting the MMBA. The rule defining "Employee Organization Unfair Practices Under MMBA" provides that it is an unfair practice for an employee organization to do various acts, including causing or attempting to

cause a public agency to engage in conduct prohibited by the MMBA, discriminating against public employees because of their exercise of their right to join or refuse to join employee organizations, and refusing or failing to meet and confer in good faith. (Cal. Code Regs., tit. 8, § 32604, subds. (a), (b) & (c).) Likewise, it is an unfair practice for a public agency employer to discriminate against public employees because of their exercise of their right to join or refuse to join a union, or to refuse or fail to meet and confer in good faith with an exclusive representative. (*Id.*, § 32603, subds. (a) & (c).) The actions allegedly taken by defendants—including entering into an undisclosed secret agreement with the County to deprive plaintiffs of the overtime benefits to which they were entitled—are arguably inconsistent with the duty both of defendants and of the County to bargain in good faith. (See *City of San Jose, supra*, 49 Cal.4th at p. 604 [PERB has " 'exclusive jurisdiction over activities arguably protected or prohibited by' the governing labor law statutes"].)

■ We recognize that the Court of Appeal in *Andrews v. Board of Supervisors* (1982) 134 Cal.App.3d 274, 283 [184 Cal.Rptr. 542] (*Andrews*), concluded the MMBA does not include an implied duty of fair representation. The court there noted that federal courts, applying the NLRA, had found such a duty implied where an employee organization had the right to be the exclusive representative, reasoning that exclusive authority required a reciprocal obligation to exercise that authority fairly. (*Andrews*, at p. 283.) The court in *Andrews* did not find such a duty implied in the MMBA because the MMBA, unlike the NLRA, allowed employees " 'to represent themselves individually in their employment relations with the public agency' " (*Andrews*, at p. 283, quoting § 3502), and "[a]bsent exclusive representation, the rationale for the reciprocal duty of fair representation does not exist" (*Andrews, supra*, 134 Cal.App.3d at p. 283). As explained in *Jones v. Omnitrans* (2004) 125 Cal.App.4th 273, 283 [22 Cal.Rptr.3d 706] (*Jones*), "[T]he [MMBA] does not explicitly provide that employee organizations created under its aegis have a duty to their members of fair representation. (Gov. Code, §§ 3500–3510.) Nevertheless, California courts recognize that any labor organization which acts as the exclusive representative of its members has such a duty. [Citations.] This is true whether the union becomes the employee's exclusive representative by statute or by contract. [Citation.]" However, "[b]ecause the duty of fair representation arises from a union's status as an exclusive representative, there is ordinarily no such duty when the union does not occupy that position, or as to particular matters for which the union does not act as the employees' exclusive agent. [Citations.]" (*Lane v. I.U.O.E. Stationary Engineers* (1989) 212 Cal.App.3d 164, 170 [260 Cal.Rptr. 634] (*Lane*); see also *Buck, supra*, PERB Dec. No. 1898-M [31 PERC ¶ 88, p. 304] ["The Board has long held that the duty of fair representation is limited to negotiations and contractually based remedies under the union's

exclusive controls. ([*Simpson v.*] *California School Employees Association & its Chapter 130 (Simpson)* (2003) PERB Decision No. 1550 [28 PERC ¶ 5, p. 12] . . . .)" (fn. & underscoring omitted, italics added)].)

Thus, *Andrews*'s conclusion that the MMBA does not include an implied duty of fair representation is based on the premise that under the MMBA, employees could represent themselves with their employer, and the union was not their exclusive representative. (*Andrews, supra,* 134 Cal.App.3d at p. 283.) Since *Andrews* was decided, however, the court in *Relyea v. Ventura County Fire Protection Dist.* (1992) 2 Cal.App.4th 875, 877 [3 Cal.Rptr.2d 614] (*Relyea*), called into question the basis for this conclusion when it held that local government employees cannot compel their employers to negotiate terms and conditions of employment with them individually. The court noted—as had the court in *Andrews*—that under the MMBA, public employees had the right to refuse to join or participate in employee organizations and to represent themselves individually in their employment relations with the public agency. (§ 3502; *Relyea, supra,* 2 Cal.App.4th at p. 880.) However, the court rejected the argument that this provision of section 3502 allowed employees to bargain with public employers individually regarding the terms and conditions of employment, concluding that such a result would conflict with other provisions of the MMBA and with the legislative intent to strengthen collective bargaining rights.[5] (*Relyea,* at pp. 879–883; see also *San Bernardino Public Employees Assn. v. City of Fontana* (1998) 67 Cal.App.4th 1215, 1220–1221 [79 Cal.Rptr.2d 634].) Thus, it appears that at least as to bargaining over the terms and conditions of employment, an employee organization acts as the employees' exclusive representative and has a duty of fair representation under the MMBA. (See *Jones, supra,* 125 Cal.App.4th at p. 283; *Lane, supra,* 212 Cal.App.3d at p. 170.)

We are not persuaded otherwise by plaintiffs' contention that claims for unpaid wages are not considered unfair labor charges within PERB's exclusive jurisdiction. (See *California Teachers' Assn. v. Livingston Union School Dist.* (1990) 219 Cal.App.3d 1503, 1510–1519 [269 Cal.Rptr. 160]; *California School Employees Assn. v. Azusa Unified School Dist.* (1984) 152 Cal.App.3d 580, 591–593 [199 Cal.Rptr. 635].) Plaintiffs are not seeking statutorily due

---

[5] In doing so, *Relyea* disagreed with the contrary statement in *Placentia Fire Fighters v. City of Placentia* (1976) 57 Cal.App.3d 9, 21 [129 Cal.Rptr. 126] (*Placentia Fire Fighters*), which stated without analysis that a member of a unit may bargain directly with the public agency. (*Relyea, supra,* 2 Cal.App.4th at p. 882; see also *Lillebo v. Davis* (1990) 222 Cal.App.3d 1421, 1444 [272 Cal.Rptr. 638] [noting that statement in *Placentia Fire Fighters* was unsupported by further analysis and was dictum].)

wages from their employer, but compensation for defendants' actions in breaching their duty of fair representation. The rule of these cases is not applicable here.[6]

Plaintiffs also contend it would be futile to seek a remedy before PERB because they filed this action as a class action and, they argue, public employees may not file unfair practice charges before PERB on behalf of other similarly situated employees. The PERB decisions plaintiffs cite do not support their argument. In *Hopper v. United Teachers of Los Angeles* (2001) PERB Dec. No. 1441 [25 PERC ¶ 32074, pp. 267–268], PERB ruled that a teacher who was not a member of the class she claimed had been harmed had no standing to bring an unfair practice charge. In *Thomas v. State of California (Dept. of Corrections)* (1993) PERB Dec. No. 972-S [17 PERC ¶ 24047, pp. 128–129], PERB ruled that an individual unit member did not have standing to pursue violations of the rights of an employee organization, and that such claims were properly brought by the union itself. Neither decision holds that a class action before PERB is impermissible.[7] In any case, nothing in the MMBA suggests a party may avoid PERB's exclusive jurisdiction by pleading an action as a class action.

■ Therefore, we conclude the cause of action for breach of defendants' duty of fair representation is subject to PERB's exclusive initial jurisdiction.

## D. *Tort Causes of Action**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[6] It appears that plaintiffs brought a class action against the County in 2007 in the United States District Court for the Northern District of California, seeking unpaid overtime, and obtained a settlement of $2,418,220.53. Defendants contend that, because plaintiffs maintained a private right of action for unpaid overtime, the union did not possess the exclusive means by which plaintiffs could obtain this compensation, and defendants therefore did not owe a duty of fair representation in connection with plaintiffs' entitlement to overtime. We leave to PERB the initial determination of whether the actions plaintiffs allege, if proved, in fact constituted a violation of defendants' duty of fair representation.

[7] In *Trevisanut v. California Union of Safety Employees* (1993) PERB Dec. No. 1029-S [18 PERC ¶ 25026, pp. 65–67], PERB concluded that relief should be granted only to the named charging parties in a complaint and not to all affected employees, whether or not joined as parties, but only on the ground that the administrative law judge had denied a request that the case be certified as a class action, and that to grant relief to employees not named as parties would amount to improperly amending the complaint. PERB did not decide or imply that it would have been improper to certify the matter as a class action at the appropriate stage of the proceedings. (*Id.*, 18 PERC ¶ 25026, at pp. 67–68.)

*See footnote, *ante*, page 823.

## IV. DISPOSITION

Plaintiffs' cause of action for breach of the duty of fair representation falls within the ambit of the MMBA, and the tort causes of action are in essence the same as the duty of fair representation claim. In the circumstances, the tort causes of action fall within PERB's exclusive initial jurisdiction.

The judgment is affirmed.

Reardon, Acting P. J., and Sepulveda, J., concurred.