Filed 9/27/16  P. v. Woodward CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042508 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC787929) |
| v. | |
| MICHAEL JAY WOODWARD, | |
| Defendant and Appellant. | |

Defendant Michael Jay Woodward appeals from an order denying his petition to designate his conviction for grand theft (Pen. Code, §§ 484-487, subd. (a)),[1] as a misdemeanor under Proposition 47.  (§ 1170.18, subd. (f)).[2]  On appeal, defendant argues that the trial court erred because it improperly found that defendant stole $1,500 from the victim, making his grand theft conviction ineligible for designation as a misdemeanor under Proposition 47.

---

[1]  We note that both defendant's opening brief, and well as the reply brief contain tables of contents, and point headings that incorrectly refer to defendant being convicted of vehicle theft (Vehicle Code, § 10851, subd. (a)) and whether the value of the stolen vehicle was worth $950 or less.  We recognize that Proposition 47 cases that involve stolen vehicle convictions are very common in this court; however, defendant's actual conviction in this case was for grand theft in violation of Penal Code sections 484-487, subdivision (a), and the table of contents and point headings in defendant's briefs should correctly reflect this.

[2]  All further statutory references are to the Penal Code.

## STATEMENT OF THE FACTS AAND CASE

In 2007, Laura Mazella allowed defendant to cash three money orders totaling $,500 using her bank account. A week later the bank informed Mazzella that the checks were forged and deducted the money from her bank account.

Defendant was charged in 2008 with three counts of forgery (§ 470, subd. (d)) and one count of grand theft of property valued at over $400 (§§ 484-487, subd. (a)). The information also alleged that defendant had four prison priors (§ 667.5, subd. (b)). In May 2008, defendant pleaded no contest to the charges and admitted the prior convictions. Defendant was sentenced to four years four months in state prison, and was ordered to pay restitution to Mazella in the amount of $1,500 plus the bank fees of $25 per forged check, for a total of $1,575.

In May 2015, defendant petitioned the superior court to designate the convictions in this case as misdemeanors pursuant to Proposition 47. The court granted the petition as to the forgeries, and designated the convictions as misdemeanors. However, the court denied defendant's petition as to the grand theft conviction, finding that the value of the stolen property was $1,500. Defendant appeals the court's denial of his petition.

## DISCUSSION

Defendant asserts that the trial court erred in denying his petition, because its finding that the stolen property was worth $1,500 was not supported by substantial evidence. He argues that because there was insufficient evidence to show that the value of the stolen property was anything other than over $400 based on the elements of the crime to which he was convicted, he is entitled to have his conviction for grand theft designated as a misdemeanor under Proposition 47.

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 "reduced the penalties for a number of offenses." (*People v. Sherow* (2015) 239

2

Cal.App.4th 875, 879 (*Sherow*)). Under Proposition 47, a theft crime is defined as misdemeanor petty theft if the value of the stolen property is $950 or less. (§§ 490.2, 484-487, subd. (a) [grand theft defined as theft of property with a value exceeding $950]). Therefore, theft of property worth $950 or less that was previously a felony before Proposition 47 was enacted is eligible for designation as a misdemeanor petty theft. (§ 490.2)

Section 1170.18, which was also added by Proposition 47, "creates a process where persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing [or designation of the crimes]." (*Sherow, supra,* 239 Cal.App.4th at p. 879.) Penal Code section 1170.18, subdivision (a) specifies that a person may petition for resentencing in accordance with Penal Code section 490.2.

"[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 878.) The petitioner for resentencing has the "initial burden of proof" to "establish the facts[] upon which his or her eligibility is based." (*Id.* at p. 880.) If the crime under consideration is a theft offense, " 'the petitioner will have the burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.) In making such a showing, "[a] proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken." (*Id.* at p. 880.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid.*) We follow the rationale of *Sherow*, and hold that a petitioner has the burden of proof in establishing that he is eligible for relief under Proposition 47.

Here, defendant presented no evidence of the amount of money he stole from the victim when he cashed forfeited checks using her bank account. Indeed, the record

3

contains information in the probation report and the order of restitution when defendant was sentenced that defendant stole $1,500 from the victim.

Defendant argues that by making a factual finding that he stole $1,500 from the victim, the trial court violated his Sixth Amendment right to a jury trial under *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*). He contends that his conviction of grand theft (§§ 484-487, subd. (a)), which was defined at the time as theft of property valued at over $400 only shows that he stole an amount of money over $400; it does not show that the amount was $950 or more. Defendant argues that the factual finding that he stole $1,500, making his conviction ineligible for designation under Proposition 47, should have been pleaded and proven to a jury beyond a reasonable doubt.

Cases considering the right to a jury trial in the context of Proposition 36 provide guidance on the issue. The court in *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279 (*Kaulick*), considered whether a defendant is entitled to a jury trial for the finding of dangerous in for the purpose of resentencing under Proposition 36. Based on *Dillon v. United States* (2010) 560 U.S. 817 (*Dillon*), the *Kaulick* court rejected that argument. The court held that under *Dillon,* "a defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt do[es] not apply to limits on *downward* sentence modifications due to intervening laws." (*Kaulick, supra*, 215 Cal.App.4th at p. 1304 [emphasis added].) The court concluded that "[a]ny facts found at such a [resentencing] proceeding, such as dangerousness, do not implicate Sixth Amendment issues." (*Id*. at p. 1305.)

The First District Court of Appeal recently applied the same reasoning to a trial court's finding of property value in the context of a resentencing petition under Proposition 47. (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 452 (*Rivas-Colon*).) Based on *Kaulick* and *Dillon*, the court in *Rivas-Colon* concluded that the petitioner had

4

no right a jury trial on the issue.  We find the First District's reasoning persuasive, and we reach the same conclusion here.

Defendant argues alternatively that the information in the probation report that the amount of money defendant stole was $1,500 was outside of the record of conviction, and could not be considered by the court in deciding defendant's eligibility for resentencing.

Defendant relies on *People v. Bradford* (2014) 227 Cal.App.4th 1322 (*Bradford*) for this proposition.  In *Bradford*, the court considered a trial court's fact-finding process in adjudicating a Proposition 36 petition for resentencing.  The trial court found defendant had used a deadly weapon in the commission of the underlying offense, making him ineligible for resentencing under section 1170.12, subdivision (c)(2)(C)(iii).  As a basis for this finding, the trial court looked to the facts set forth in the court of appeal's prior opinion on direct appeal, which stated that the defendant had used a pair of wire cutters during the offense.  In defendant's appeal from the denial of his resentencing petition, the court of appeal held that the trial court erred by looking to the facts in the original opinion on appeal.  The appellate court compared the fact-finding required for determining eligibility to the type of finding required to determine whether a prior conviction meets the requirements for a sentencing enhancement.  (See, e.g., *People v. Guerrero* (1988) 44 Cal.3d 343 (*Guerrero*) [trier of fact may look to entire record of conviction to determine whether prior conviction constitutes a "serious felony"].)

Based on *Guerrero* and its progeny, the *Bradford* court held that "the trial court must determine the facts needed to adjudicate eligibility based on evidence obtained solely from the record of conviction."  (*Bradford, supra*, 227 Cal.App.4th at p. 1327.)  While courts disagree on the precise scope of the documents included in a " 'record of conviction,' " courts generally agree that police reports are excluded.  (*Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1521.)

In *People v. Perkins* (2016) 244 Cal.App.4th 129 (*Perkins*), the Fourth District Court of Appeal considered *Bradford's* holding in the context of a Proposition 47 petition. There, the trial court found the defendant ineligible for resentencing on the ground that the value of the stolen property exceeded $950. On appeal, the defendant cited *Bradford* for the proposition that the trial court improperly relied on evidence outside the record of conviction. The court of appeal rejected this argument. The court distinguished *Bradford* based on the difference between the required eligibility finding under Proposition 36 and the required factual finding under Proposition 47: "[E]ligibility for resentencing under [Propositon 36] turns on the nature of the petitioner's convictions—whether an offender is serving a sentence on a conviction for nonserious, nonviolent offenses and whether he or she has prior disqualifying convictions for certain other defined offenses. [Citation.] By contrast, under Proposition 47, eligibility often turns on the simple factual question of the value of the stolen property. In most such cases, the value of the property was not important at the time of conviction, so the record may not contain sufficient evidence to determine its value. For that reason, and because petitioner bears the burden on the issue [citation], we do not believe the *Bradford* court's reasons for limiting evidence to the record of conviction are applicable in Proposition 47 cases." (Perkins, 244 Cal.App. 4th at p. 140, fn. 5.)

We find the reasoning of *Perkins* persuasive. The record in this case shows that defendant stole $1,500 from the victim by passing forfeited checks in her bank account. As a result, defendant's conviction for grand theft (§§ 484-487, subd. (a)) is not eligible for designation as a misdemeanor petty theft under Proposition 47.

### DISPOSITION

The order denying defendant's Proposition 47 petition is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
GROVER, J.

7