Filed 4/28/21  Wilson v. Service Employees Internat. Union, Local 1000 CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| NICOLUIS E. WILSON,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1000,<br><br>Defendant and Respondent. | C091133<br><br>(Super. Ct. No. 34-2018-00241675-CU-WT-GDS) |

This is an appeal from a judgment of dismissal after an order sustaining a demurrer.  Plaintiff Nicoluis E. Wilson (Wilson) filed a lawsuit against her former union, Service Employees International Union, Local 1000 (SEIU), after it declined to represent her in pressing a grievance against another union member.  In her second amended complaint, she alleged two claims against SEIU:  for fraudulent concealment, based on SEIU's failure to disclose its discretionary authority not to assist her, and for constructive discharge, based on SEIU's failure to assist her with her grievance.  SEIU demurred, and

1

the trial court sustained the demurrer without leave to amend on the ground the Public Employment Relations Board (PERB) had exclusive initial jurisdiction over the matter.

Wilson appealed. Her chief argument on appeal is that the trial court erred in sustaining the demurrer because her claims against SEIU are outside the scope of the PERB's jurisdiction. Finding no error, we shall affirm the judgment.

BACKGROUND FACTS AND PROCEDURE

Wilson is a former employee of the State Lands Commission (the Commission). She was hired in July 2014 as an "Office Technician (Typing)" under the Limited Examination and Appointment Program, which is designed to help persons with disabilities get jobs in the state civil service. (Gov. Code, § 19240.) She held her position for just over two years, resigning on October 25, 2016. During her employment with the Commission, Wilson was a member of SEIU, the exclusive bargaining representative for the Office and Allied Bargaining Unit.

Wilson alleges that while employed by the Commission, she was the target of sexual harassment, bullying, intimidation, and discrimination by various coworkers, including other SEIU members. Wilson filed a grievance with her employer and attempted to secure SEIU's assistance with that grievance, but was told that, due to a conflict of interest, SEIU would not assist her.

In October 2018, Wilson filed a complaint against the Commission, SEIU, and others, predominantly alleging sexual harassment, privacy violations, and discrimination based on age, gender, and disability. With regard to SEIU, she alleged that she was "further victimized" by the "denial of representation from the very union compensated to protect [her] . . . ." In April 2019, Wilson filed a first amended complaint (FAC), alleging substantially the same facts and causes of action as the original complaint.[1]

---

[1] The FAC also named the Workers' Compensation Appeals Board as an additional defendant.

2

SEIU demurred to the FAC arguing, among other things, that the trial court lacked jurisdiction over her claims because the Ralph C. Dills Act (the Dills Act) (Gov. Code, § 3512-3524) vested exclusive initial jurisdiction in the PERB. The trial court sustained SEIU's demurrer, but granted leave to amend.

In August 2019, Wilson filed her second amended complaint (SAC). The SAC alleged two causes of action against SEIU: for fraudulent concealment and constructive discharge. In the third cause of action, for fraudulent concealment, Wilson alleged that she attempted to acquire representation by SEIU for help with her grievance, but that SEIU, citing a "conflict of interest," denied her representation and refused to give her any additional information or assistance. Wilson alleged this was an intentional, fraudulent concealment of material facts.

In the fourth cause of action, for constructive discharge, Wilson alleged that she effectively was forced to resign from her position at the Commission due to harassment, bullying, intimidation, discrimination, and violations of privacy by her coworkers. She alleged that, before resigning, she attempted to resolve her issues informally using the grievance procedure, but "was denied Union representation[,] which ultimately resulted in her forced resignation or rather 'constructive discharge.' "

SEIU demurred to the SAC on two grounds: (1) the claims against SEIU are subject to the exclusive initial jurisdiction of the PERB and Wilson has failed to exhaust her administrative remedies with the PERB, and (2) the SAC fails to allege facts sufficient to state a claim against SEIU for fraudulent concealment or constructive discharge. Wilson opposed the demurrer.

The trial court's tentative ruling was to sustain the demurrer without leave to amend on the ground the court lacked jurisdiction to hear Wilson's claims against SEIU because the underlying factual basis for her claims is a breach of the duty of fair representation, a matter within the PERB's exclusive initial jurisdiction. When there was no request for oral argument, the tentative ruling was affirmed. The trial court

subsequently entered a judgment dismissing Wilson's claims against SEIU. Wilson appeals that judgment.[2]

DISCUSSION

I

*Scope of Appeal*

Although Wilson appeals only from the judgment dismissing her claim against SEIU, she devotes a significant portion of her brief to arguments related to her claims against the other defendants, such as application of the doctrine of sovereign immunity, an issue raised in connection with a separate demurrer filed by the Commission. As these matters are beyond the scope of this appeal, we shall disregard the portions of Wilson's brief that relate to her claims against the other defendants.[3]

We also decline to address the merits of the timeliness of SEIU's first demurrer. In response to the trial court's order sustaining SEIU's demurrer to the FAC, Wilson elected to file the SAC. In doing so, she forfeited any error in the ruling sustaining the demurrer to the superseded complaint. (*Van de Kamp v. Bank of America* (1988) 204 Cal.App.3d 819, 866; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966, fn. 2; accord, *Dalzell v. Kelly* (1951) 104 Cal.App.2d 66, 67; see also *State Compensation Ins. Fund v. Superior Court* (2010) 184 Cal.App.4th 1124, 1130 [amended complaint supersedes the original and becomes the operative pleading].)

---

[2]    The record on appeal consists of a clerk's transcript and supplemental clerk's transcript. No reporter's transcript has been provided.

[3]    Wilson, who is representing herself on appeal, did not file a reply brief to challenge SEIU's argument that many of the issues raised in her opening brief are outside the scope of this appeal. Although Wilson's failure to file a reply brief is not a concession, we will not endeavor to respond to SEIU's arguments on Wilson's behalf. A self-represented litigant is entitled to the same, but no greater, consideration than other litigants and attorneys. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247; *Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125-1126.)

4

Moreover, even if the demurrer to the FAC was not timely filed, the trial court had discretion to consider SEIU's demurrer to the SAC because jurisdictional issues and challenges to sufficiency of a cause of action may be raised at any time. (*Briggs v. Resolution Remedies* (2008) 168 Cal.App.4th 1395, 1400; *Great Western Casinos, Inc. v. Morongo Band of Mission Indians* (1999) 74 Cal.App.4th 1407, 1418-1419; *Bocanegra v. Jakubowski* (2015) 241 Cal.App.4th 848, 855 [challenges to sufficiency of a cause of action not waived by failure to demur].) We therefore limit our review to the question of whether the trial court erred in sustaining SEIU's demurrer to the SAC.

II

*PERB Jurisdiction*

Wilson contends the trial court erred in ruling that it lacked subject matter jurisdiction because the PERB has exclusive initial jurisdiction. We find no error.

A.    *Standard of review*

Our standard when reviewing a challenge to an order sustaining a demurrer is well settled. We treat the demurrer as admitting all material facts properly pleaded in the complaint, but not contentions, deductions or conclusions of fact or law. (*Paulsen v. Local No. 856 of Internat. Brotherhood of Teamsters* (2011) 193 Cal.App.4th 823, 826 (*Paulsen*).) We also consider matters which may be judicially noticed. (*Ibid.*) We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. (*Ibid.*) We review the correctness of the trial court's action in sustaining the demurrer, not the statement of reasons for its action. (*Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 72.) The burden is on the appellant to demonstrate the trial court erred in sustaining the demurrer or abused its discretion in denying leave to amend. (*Coutin v. Lucas* (1990) 220 Cal.App.3d 1016, 1020.)

B.    *Analysis*

The question in this case is whether Wilson's claims against SEIU, nominally for fraudulent concealment and constructive discharge, fall within the scope of the PERB's

5

exclusive jurisdiction under the Dills Act (Gov. Code, §§ 3512-3524).  We conclude that they do.

Enacted in 1977, the Dills Act " 'accords collective bargaining rights to state civil service employees.' " (*California Assn. of Professional Scientists v. Schwarzenegger* (2006) 137 Cal.App.4th 371, 380 (*CAPS*).)  The basic purpose of the Dills Act is to promote improved labor relations by recognizing the right of state employees to be represented and by providing a reasonable method of resolving disputes regarding wages, hours, and other terms and conditions of employment between the state and public employee organizations.  (Gov. Code, § 3512.)

The PERB is the agency established by the Legislature to administer and enforce the provisions of the Dills Act.  (Gov. Code, §§ 3513, subd. (h), 3541.3.)  As such, the PERB has been vested with a broad spectrum of powers and duties, including the primary responsibility to investigate and adjudicate unfair labor practice charges.  (Gov. Code, § 3541.3, subd. (i); *CAPS, supra*, 137 Cal.App.4th at p. 380; *City and County of San Francisco v. International Union of Operating Engineers, Local 39* (2007) 151 Cal.App.4th 938, 943. (*San Francisco*).)

Government Code section 3514.5, part of the Dills Act, describes the PERB's exclusive jurisdiction over unfair practice charges.  It provides:  "The initial determination as to whether . . . charges of unfair practices are justified, and, if so, what remedy is necessary to effectuate the purposes of this chapter, shall be a matter within the exclusive jurisdiction of the board . . . ."  (Gov. Code, § 3514.5; *CAPS, supra*, 137 Cal.App.4th at p. 380.)  This language means the PERB has exclusive initial jurisdiction over unfair practice charges, and a party claiming an unfair labor practice must exhaust their administrative remedies through the PERB before seeking judicial relief.  (*CAPS*, at p. 381; *San Francisco, supra*, 151 Cal.App.4th at p. 947.)

The PERB's exclusive jurisdiction is not limited to cases in which it is clear an unfair labor practice has occurred.  (*Personnel Com. v. Barstow Unified School Dist.*

6

(1996) 43 Cal.App.4th 871, 885.)  Rather, courts have interpreted the PERB's jurisdiction broadly to include any claim which " 'arguably' " constitutes an unfair labor practice. (*Id*. at pp. 885-886; *El Rancho Unified School Dist. v. National Education Assn.* (1983) 33 Cal.3d 946, 953 (*El Rancho Unified*); *San Diego Teachers Assn. v. Superior Court of San Diego County* (1979) 24 Cal.3d 1, 12.)  The aim of this rule is to avoid interference with the PERB's ability to carry out its statutory duties.  (*El Rancho Unified, supra*, at pp. 953, 956; *San Diego Teachers Assn., supra*, 24 Cal.3d at p. 12; *International Federation of Prof. & Technical Engineers v. Bunch* (1995) 40 Cal.App.4th 670, 676.)

In determining whether a claim falls within the PERB's exclusive jurisdiction, what matters is not the label given to the claim by the plaintiff, but the underlying conduct on which the claim is based.  (*El Rancho Unified, supra,* 33 Cal.3d at p. 954, fn. 13; *Personnel Com. v. Barstow Unified School Dist., supra*, 43 Cal.App.4th at p. 889.)  A plaintiff may not, "through artful pleading, evade PERB's exclusive jurisdiction."  (*San Francisco, supra*, 151 Cal.App.4th at p. 945; accord, *Fresno Unified School Dist. v. National Education Assn.* (1981) 125 Cal.App.3d 259, 269.)

Here, the trial court found that even though Wilson did not specifically allege an unfair labor practice, the "crux of [her] allegations amount to an alleged breach of the duty of fair representation . . . ."  Because a breach of the duty of fair representation is an unfair labor practice (*Paulsen, supra*, 193 Cal.App.4th at pp. 830-831; *Anderson v. California Faculty Assn.* (1994) 25 Cal.App.4th 207, 212), the trial court concluded Wilson's claims are within the scope of the PERB's peremptory jurisdiction.  We agree.

Looking beyond the labels given to her claims, the underlying conduct on which her suit is based, as alleged in the SAC, is that she was "denied Union representation[,] which ultimately resulted in her forced resignation or rather 'constructive discharge.' "

Wilson argues that her claim is not based on SEIU's denial of representation, but rather on SEIU's fraudulent concealment of its discretion not to assist her.  However, to recover for fraudulent concealment, Wilson must show not only that SEIU concealed a

material fact, but also that (1) SEIU had a duty to disclose the fact, (2) SEIU intentionally concealed the fact with the intent to defraud, and that (3) Wilson was unaware of the concealment and relied on it to her detriment. (*Bank of America Corp. v. Superior Court* (2011) 198 Cal.App.4th 862, 870.) In this case, assuming SEIU had any duty of disclosure, it arose from SEIU's collective bargaining relationship with its members.[4] And the damage that Wilson allegedly suffered from the fraudulent concealment is that she was denied SEIU's assistance, resulting—she claims—in her eventual forced resignation.

Because the conduct underlying her fraudulent concealment claim is integrally related to the duty of fair representation, we have little difficulty concluding that it arguably could give rise to an unfair practice claim and is, therefore, within the original exclusive jurisdiction of the PERB. (*Fresno Unified School Dist. v. National Education Assn., supra*, 125 Cal.App.3d at pp. 262-263, 267-268, 274 [activity alleged in tort causes of action arguably an unfair labor practice because integrally related to labor issue]; *Paulsen, supra*, 193 Cal.App.4th at pp. 828, 835 [affirming, without discussion, dismissal of tort causes of action for breach of fiduciary duty and fraudulent concealment because the essence of the claims was a breach of the duty of fair representation].)

The same analysis applies to Wilson's constructive discharge claim. As discussed, Wilson alleges in her SAC that despite seeking relief from SEIU, she was "denied . . . representation which ultimately resulted in her forced resignation . . . ." Thus, her claim against SEIU for constructive discharge, like her fraudulent concealment claim, is related

---

[4]    Wilson appears to argue that SEIU had a duty of disclosure under the doctrine of equitable indemnity, a method of apportioning responsibility on a comparative fault basis among tortfeasors who are jointly and severally liable to a plaintiff for the same indivisible injury. (*Fremont Reorganizing Corp. v. Faigin* (2011) 198 Cal.App.4th 1153, 1176.) We cannot see how that doctrine could be applied under the facts of this case to impose a duty of disclosure on SEIU.

8

to the duty of fair representation and arguably gives rise to an unfair practice claim. Wilson does not argue otherwise.

We conclude the trial court lacked subject matter jurisdiction because the conduct underlying Wilson's claims arguably constitutes an unfair labor practice, falling within the PERB's exclusive preemptive jurisdiction, and so Wilson was required to exhaust her administrative remedies through the PERB before seeking judicial relief. Wilson could not amend her complaint to cure this defect. Thus, the trial court correctly sustained the demurrer without leave to amend.

DISPOSITION

The judgment is affirmed. Defendant SEIU shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_____KRAUSE_____, J.

We concur:

_____MAURO_____, Acting P. J.

_____RENNER_____, J.