Filed 2/26/16  P. v. Pedroza CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042318 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC779895) |
| v. | |
| JAIRO BRAVO PEDROZA, | |
| Defendant and Appellant. | |

In May 2008, appellant Jairo Bravo Pedroza pled no contest to one count of attempted first degree burglary with a person other than an accomplice present in the residence (Pen. Code, §§ 459, 664, 667.5, subd. (c)(21)),[1] and admitted two prior strike convictions and two prior serious felony convictions.  (§§ 667, subd. (a), 667, subds. (b)-(i), 1170.12.)  On November 14, 2008, the trial court struck one of appellant's strike convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, and sentenced him to 14 years in prison as follows: 2 years for the underlying offense, doubled under the "Three Strikes" law, plus 10 years for the two five year serious felony

---

[1] All further unspecified statutory references are to the Penal Code.

convictions. On December 7, 2009, in appeal number H033678, this court affirmed appellant's conviction.[2]

On March 17, 2015, Mr. Pedroza acting in propria persona, filed a petition for resentencing pursuant to Proposition 47. (§ 1170.18, subds (a) & (f).) On April 27, 2015, the trial court denied the petition, finding appellant ineligible for resentencing under Proposition 47 because his offense —first degree burglary—is not one of the eligible offenses enumerated in Proposition 47. (§ 1170.18). On April 27, 2015, appellant filed a timely notice of appeal. On May 11, 2015, an amended notice of appeal was filed on appellant's behalf.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), which states the case and the facts but raises no specific issues. Pursuant to *Serrano,* on October 2, 2015 we notified appellant of his right to submit written argument in his own behalf within 30 days. On October 23, 2015, we received a supplemental brief from appellant. In his supplemental brief, appellant contends that he was entitled to an evidentiary hearing to resolve his eligibility for relief under proposition 47, and that the facts do not support the conviction for first degree burglary.

Appellant was not entitled to a hearing on his eligibility for resentencing pursuant to Proposition 47. A petitioner has the initial burden to show his eligibility for resentencing in his petition for resentencing. If a petitioner makes a sufficient showing, a court can take such action as appropriate to grant the petition, including holding a hearing to make a further factual determinations. However, because first degree burglary is not among the eligible offenses enumerated in Proposition 47, appellant could not establish his eligibility for resenting, with or without a hearing. (*People v. Sherow* (2015) 239

---

[2] At the appellant's request, we will take judicial notice of the record and our decision in case number H033678.

Cal.App.4th 875, 880.)  Therefore, the trial court did not err in summarily denying the petition.

Appellant also argues that the facts underlying his conviction support a charge of trespassing, and not of first degree burglary.  To the extent he seeks to challenge the sufficiency of the evidence supporting his conviction, the challenge is untimely.  His conviction was affirmed on appeal in this court and the judgment is long since final.  Such an argument is not properly raised in an appeal from a post judgment order denying a petition for resentencing.  As nothing in appellant's supplemental brief raises an arguable issue on appeal, we must dismiss the appeal.  (*Serrano, supra,* 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

_____

RUSHING, P.J.

WE CONCUR:


_____

PREMO, J.


_____

ELIA, J.

4